UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID VAHLKAMP,

    Petitioner,

v.                            Case No:  2:20-cv-265-JES-NPM

SECRETARY, DOC,

    Respondent.

_____

**ORDER**

Before the Court is Petitioner David Vahlkamp's Petition Under 28 U.S.C. § 2254 by a Person in State Custody Pursuant to a State Court Judgment (Doc. 1).  Vahlkamp challenges his 2004 first-degree murder conviction and resulting sentence of life imprisonment.  Respondent moves to dismiss the Petition as untimely.

28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), sets a one-year period of limitations to the filing of a habeas petition by a person in state custody.  This limitation period runs from the latest of:

    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if

> > the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Vahlkamp does not allege, nor does it appear from the pleadings or the record, that the statutory triggers in subsections (B)-(D) apply. Thus, the limitations period began to run on the date Vahlkamp's conviction became final. 28 U.S.C. § 2244(d)(1)(A). The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2).

After a jury found Vahlkamp guilty, the trial court sentenced him on April 12, 2004. (Doc. #9-2 at 24). Vahlkamp appealed, and the Second District Court of Appeal of Florida (2nd DCA) affirmed. (Id. at 131). The 2nd DCA denied Vahlkamp's motion for rehearing on March 1, 2006. (Id. at 136). Vahlkamp's conviction became final 90 days later, when the time to petition the United States Supreme Court for certiorari expired. See Moore v. Sec'y, Fla. Dep't of Corr., 762 F. App'x 610, 617 (11th Cir. 2019). The one-year limitations period ran untolled from May 30, 2006, to May 30, 2007.

Vahlkamp states he hired attorney Charles Murray in April or May 2006 to file a state postconviction motion. Vahlkamp's appellate counsel had advised that he must file a state postconviction motion within one year to preserve his federal habeas rights, and Vahlkamp passed that advise along to Murray. But Murray did not meet the deadline; he filed a motion under Florida Rule of Criminal Procedure 3.850 on February 27, 2008, well after the limitation period had run. (Doc. #9-2 at 138). The postconviction court struck the motion because it did not contain the required oath. (Id. at 163). Murray filed an amended motion on November 6, 2008. (Id. at 166). He blamed the delay on a combination of "misunderstanding, secretarial mistake and…computer and docketing problems." (Id. at 197). The postconviction court denied the amended motion on May 24, 2010. (Id. at 226-27). Vahlkamp did not timely appeal.

On May 23, 2012—through new counsel—Vahlkamp moved for a belated appeal. (Id. at 232). The 2nd DCA granted the motion. (Id. at 245). On December 19, 2012, it affirmed denial of Vahlkamp's 3.850 motion. (Id. at 273). Mandate issued on January 30, 2013. (Id. at 282). Also, on May 23, 2012, Vahlkamp requested leave to file an amended Rule 3.850 motion. (Id. at 284). The postconviction court allowed the amendment but ultimately denied the amended motion. (Id. at 441). Vahlkamp appealed, and the 2nd DCA affirmed and issued its mandate on April 29, 2020. (Id. at

518, 528). None of Vahlkamp's state postconviction motions tolled the AEDPA limitation period because it had already expired. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000).

Vahlkamp concedes his Petition is untimely but asserts Murray's conduct entitles him to equitable tolling. A federal habeas petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted). "[E]quitable tolling is an extraordinary remedy limited to rare and exceptional circumstances and typically applied sparingly." Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017).

Attorney negligence, even gross negligence, is not "enough to meet the extraordinary circumstance requirement for equitable tolling in a habeas case." Id. at 1236. A petitioner must show something more, like abandonment, bad faith, dishonesty, divided loyalty, or mental impairment. Id. Vahlkamp claims Murray abandoned him, and Respondent disagrees. It is a close call. Murray's "negligence in missing the filing deadline does not mean that he abandoned or effectively abandoned" Vahlkamp. Id. at 1234. And Murray did eventually file the Rule 3.850 motion. On the other hand, Vahlkamp claims Murray failed to communicate with

him prior to the AEDPA deadline, did not inform him when the postconviction court denied the motion, and did not file an appeal.

The Court need not decide whether Murray's failures amount to "extraordinary circumstances" for equitable tolling purposes because Vahlkamp fails to establish the other requirement for equitable tolling: reasonable diligence. While a petitioner need not exercise "maximum feasible diligence," he must make some independent effort. Melson v. Comm'r, Ala. Dep't of Corr., 713 F.3d 1086, 1089 (11th Cir. 2013). Even accepting as true every claim made in Vahlkamp's Petition, Reply (Doc. #12), and supporting affidavit (Doc. #13-1), Vahlkamp took no independent action to preserve his rights after retaining Murray and informing him of the AEDPA deadline.[1]

Vahlkamp claims there was "nothing else [he] could do." (Doc. #12 at 4). But that is not true. A petitioner can exercise reasonable diligence by actively communicating with his counsel to ensure his rights are preserved. See Thomas v. Attorney Gen., 992 F.3d 1162, 1179-80 (11th Cir. 2021); see also Brown v. Sec'y, Dep't of Corr., 750 F. App'x 915, 938 (11th Cir. 2018). While Vahlkamp faults Murray for not communicating with him, Vahlkamp does not

---

[1] It is unclear whether Vahlkamp correctly informed Murray about the AEDPA deadline. His Petition, Reply, and Affidavit consistently and incorrectly state the one-year limitations period expired on May 30, 2006. Whether Vahlkamp knew his AEDPA clock ran in May 2007 or incorrectly believed it ran in 2006, he took no action to preserve his federal habeas rights until years later.

claim he made any attempts to communicate with Murray as the AEDPA deadline approached. A petitioner can also file a pro se habeas petition and ask for a stay as he exhausts his state remedies. See Hutchinson v. Florida, 677 F.3d 1097, 1102 (11th Cir. 2012). "While there is no hard and fast rule regarding what [Vahlkamp] should have done," his years of inaction fall well short of the reasonable diligence required for equitable tolling. See Jackson v. Sec'y, Dep't of Corr., 782 F. App'x 774, 778 (11th Cir. 2019) (finding a lack of diligence when the petitioner failed to explain a two-month delay in filing his federal habeas petition).

Because Vahlkamp failed to show he pursued his rights diligently, he is not entitled to equitable tolling. The Court thus dismisses his Petition as untimely.

**Certificate of Appealability**

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or

that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (citations omitted).  Vahlkamp has not made the requisite showing here and may not have a certificate of appealability on any ground of his Petition.

Accordingly, it is hereby

**ORDERED**:

Petitioner David Vahlkamp's Petition Under 28 U.S.C. § 2254 by a Person in State Custody Pursuant to a State Court Judgment (Doc. 1) is **DISMISSED**.  The Clerk is **DIRECTED** to terminate all motions and deadlines, enter judgment, and close the case.

**DONE and ORDERED** at Fort Myers, Florida, this ___19th___ day of October 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1

Copies:
All parties